## Jones *et al. vs.* Watson.

63 679
111 678

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. The legal title of an instrument as follows: "I acknowledge myself indebted to the Southwestern Baptist Association in the sum of $325.41 for money due by me as treasurer of said association, and which I have used this year in the purchase of plantation supplies for myself, and family supplies, which sum I promise to pay said association on the 1st day of October next, with interest," is in the association; if a body corporate, the suit thereon should be in the corporate name; if not incorporated, in the name of the members as partners.
2. Amendments cannot be made to a suit so as to make new parties thereto, except in cases expressly authorized by law, and this is not such a case.

Written instruments. Corporations. Parties. Amendments. Before Judge Wright. Dougherty Superior Court. April Term, 1879.

Reported in the opinion.

Warren & Hobbs, for plaintiffs in error.

WOOTEN & JONES, for defendant.

JACKSON, Justice.

The petition and rule *nisi* were brought in the name of George Jones and others, who alleged that they were the executive board of a religious body known as the Southwestern Baptist Association, to foreclose a mortgage made to secure a note. The note and mortgage are given to the Southwestern Baptist Association, the former being an acknowledgment of indebtedness to that body but not negotiable. The defendant demurred to the proceeding because the action was brought by the wrong parties and was not amendable, because new parties could not be made by amendment, except when allowed by statute.

The court sustained the demurrer and dismissed the action.

We think that the court could not have done otherwise. The legal title to the note and mortgage is in the religious body known as the Southwestern Baptist Association, and that body should have sued. If it is or was then a corporation, it should have sued in its corporate name; if the members were not incorporated, then they should have sued as partners. The amendments were properly held to be useless or inadmissible, because new parties cannot be made by amendment, and because the amendment proposed, to-wit: to add, who sue " for the use of the association," would still rest the case on the legal title being in the committee.

See *Gill vs. Tison et al.*, 61 *Ga.*, 161; Code, §3480.

Neither section 3484, 3485, nor 3486 provides for the amendments asked for here, so as to cure the defect.

Judgment affirmed.