## CENTRAL OF GEORGIA RAILWAY CO. *v.* INMAN & CO.

1. A petition was twice amended, and special demurrers were filed thereto; the court sustained some and overruled others, but allowed the plaintiff ten days within which to meet the demurrers which were sustained. Within the time limited the court allowed a third amendment, striking the matter added to the petition by the former amendments. The effect of the elimination of the two former amendments by the last was to render immaterial the rulings on the demurrers, so far as they related to the amendments which were allowed to be withdrawn.
2. A petition stating a cause of action, good as against a general demurrer, may be purged, by amendment, of general allegations which do not of themselves set forth a different cause of action but are inappropriate to the real cause of action declared on.
3. The cause of action alleged in the original petition was the negligent destruction of cotton deposited at a particular place, by fire set out by the defendant's negligence. It was amendable by adding a more specific description of the cotton, and an amplification of the acts of alleged negligence on the part of the defendant.

Argued June 28,—Decided December 19, 1907.

Action for damages. Before Judge Little. Muscogee superior court. December 18, 1906.

*Charlton E. Battle,* for plaintiff in error.

*William H. Barrett* and *Samuel B. Hatcher,* contra.

EVANS, P. J. Inman & Company brought suit against the Central of Georgia Railway Company, to recover damages for the negligent destruction by fire of 3,113 bales of cotton. To the original petition the defendant filed general and special demurrers, attacking the petition as duplicitous, in that it did not clearly appear from its various allegations whether the defendant was sued as a common carrier for failure to safely transport and deliver the cotton, or as a warehouseman for failing to exercise ordinary care in properly storing and protecting the cotton, or for negligently setting the cotton on fire by the operation of defective engines. The special demurrers were aimed at specific paragraphs of the petition, because of indefinite allegations. The petition was twice amended, and afterwards the court passed on the various demurrers, overruling some, sustaining others, and adjudging the petition as amended to be insufficient, but allowed the plaintiffs ten days in which to amend the petition to meet the demurrers so sustained. Within the time limited the plaintiffs presented a third amendment, striking both of the former amendments and certain paragraphs in the original petition, and adding other paragraphs thereto. The last amendment was allowed over the defendant's objections, and to the petition as amended the defendant renewed its demurrers, with additional grounds, including an objection that the last amendment introduced a new cause of action. The court overruled all the demurrers to the petition as thus amended, and the defendant excepts to this judgment, and also to the judgment of the court on its demurrers before the petition was last amended.

A consideration of the intermediate amendments and so much of the judgment on demurrer as relates to them is rendered unnecessary by their elimination from the petition by the last amendment. The only practical questions left are whether there was enough to amend by in the original petition; and if so, was the last amendment germane, and sufficient to remove the various objections raised by special demurrers. The substance of the case set out in the original petition was, that plaintiffs had shipped over the defendant's railway to Columbus, Georgia, a certain number of

bales of cotton to be delivered to a compress company. The cotton was deposited upon a vacant area of land owned by the railroad company, and adjacent to the compress company. A large quantity of cotton other than that belonging to plaintiffs was also stored on this vacant area. Adjacent to the place where the cotton was stored was other land of the defendant, upon which were constructed numerous switching tracks and a round-house, making it a dangerous place to store cotton on account of the exposure to passing trains, and the absence of any provision for fire protection. The defendant was declared to be negligent in storing the cotton under such conditions. The defendant was also negligent in using certain switch-engines which were not properly equipped with spark-arresters so as to prevent the throwing of sparks while engaged in shifting cars on the tracks near the place where the cotton was stored, and in operating such engines in a negligent manner. The defendant as a common carrier contracted to transport and deliver the plaintiff's cotton to the compress company, and it was its duty to unload the cotton at a place where the same would not be exposed to the danger of being destroyed by fire from sparks emitted from passing locomotives or from the round-house. The cotton was alleged to have been entirely destroyed by fire caused by sparks from the defendant's locomotives, and its value was stated.

Throughout the original petition the pleader's purpose is manifest to declare on a liability arising from the destruction of the plaintiff's cotton by fire originating from the negligent operation of the defendant's locomotives. There were some indefinite references tending to imply an intention to also hold the defendant liable for failure to deliver or properly store the cotton, but such were removed by the last amendment. If a cause of action be stated in a petition, confusing or inappropriate allegations may be eliminated by amendment. *Hodges* v. *Wheeler,* 126 *Ga.* 848 (56 S. E. 76) ; *Rushin* v. *Central Ry. Co.,* 128 *Ga.* 726 (58 S. E. 357). The only matter contained in the last amendment was a more accurate and definite description of the cotton, and an enumeration of the various acts of the defendant which were alleged to have resulted in the loss of the cotton by fire. The cause of action in the original petition was for the loss of cotton by fire negligently set out by the defendant company's engines, and the amendment did not

introduce a new cause of action. See *City of Columbus* v. *Anglin,* *120 Ga.* 785 (48 S. E. 318); *Sou. Ry. Co.* v. *Gardner,* *127 Ga.* 320 (56 S. E. 454). The special demurrers, as to the description of the cotton, the points whence shipped, the number of bales destroyed, etc., were satisfactorily met by the last amendment. This amendment also alleged, that such of defendant's locomotives as were run on the day of the fire on the tracks near the cotton were defective, in that they were not equipped with proper spark-arresters and proper devices to prevent the emission of more and larger sparks than would otherwise have been emitted; that the spark-arresters were not in proper condition, the holes in the netting being too large; that the netting had been patched and the patches allowed to become loose; that the netting was not properly or closely fitted to to the sides; that the lids of the spark-arresters were not properly or sufficiently fitted to the netting, and were partially open; that the spark-arresters were not properly fitted around the steam pipes, thus leaving openings larger than those around the steam pipes; and that the spark-arresters were so worn as not to serve the purpose for which they were intended, and that any of these defects would permit the emission of sparks larger than if the locomotives had been in proper condition. It was further alleged, that these particular locomotives were so improperly handled while in proximity to the cotton that they emitted more and larger sparks than would have been emitted if properly handled; that such improper handling consisted in using too great an exhaust; in not shutting off the exhaust when near the cotton; in not keeping the locomotives free from accumulations of ashes and cinders; in using coal that was too fine; in running at too great speed at or near the cotton, with the result that more and larger sparks were emitted than if running slowly; in starting too quickly when near the cotton, with the result that more and larger sparks were emitted than if a slower start was made; in hauling with these locomotives too near the cotton too many cars for the locomotives to haul, with the result that more and larger sparks were emitted than if smaller loads and a proper number of cars were handled; in otherwise improperly using the locomotive, and in neglecting to reduce as far as possible the number and size of the sparks when near the cotton;—any of which acts would cause more and larger sparks to be emitted from the locomotives than if they had been properly han-

dled. Surely the defendant can not complain of such specific charges of negligence. The special demurrers were numerous, and it would not be profitable to spread them out in detailed discussion, as we have referred sufficiently to the allegations of the petition to show that as amended it alleged the plaintiffs' cause of action to be the negligent destruction of specifically described cotton, deposited at a particular place, and that the fire was caused by the negligence of the defendant, which consisted in the negligent handling of its locomotives, and the defective condition of its locomotives in the particulars enumerated.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*