36709. AKIN *v.* RANDOLPH MOTORS, INC. *et al.*

842

*T. T. Molnar*, for plaintiff in error.

*Jesse G. Bowles*, contra.

Townsend, J. ■ ■ Demurrer rulings on the petition and amendments thereto which were later stricken by the plaintiff have become immaterial and are accordingly not passed upon here. *Central of Ga. Ry. Co.* v. *Inman & Co.*, 129 *Ga.* 652 (59 S. E. 784); *Central of Ga. Ry. Co.* v. *Inman, Akers & Inman*, 129 *Ga.* 656 (59 S. E. 786). Although it is contended that the Citizen's Bank of Cuthbert was erroneously made a party, and was continued as a party in the case, nothing in the pleadings from the time the "numbered paragraphs of the petition as amended" were stricken indicates that the Citizen's Bank participated in

the filing of pleadings or the trial of the case, although it was served by the plaintiff in error through its president, with a copy of the motion for new trial, and was joined as a defendant in error in this court. We accordingly hold that the overruling of demurrers adding the Citizen's Bank as a party by amendment, although erroneous, were thus rendered immaterial. That new parties cannot be added by amendment in such a case see Code § 81-1303; *Jones* v. *Watson*, 63 *Ga.* 679; *McWilliams* v. *Anderson*, 68 *Ga.* 772 (2).

The original petition alleged that Randolph Motors, Inc., owned the automobile in question and that it was in its possession. From amendments added but later stricken, and from evidence introduced on the trial of the case, it appears that the Citizen's Bank of Cuthbert had taken legal title to the automobile as security for the debt of a person who had purchased it from Randolph Motors, Inc., and that Randolph Motors, Inc., was surety for the payment of that debt. Obviously, then, Randolph Motors, Inc., and the Citizen's Bank were at no time co-owners and the suit could not have been maintained by them jointly in any event, since one or the other, but not both, might claim title, depending upon the proof as to which party had repossessed the vehicle. As to the latter question, there was no dispute (except by proof of prior contradictory statements which were satisfactorily explained by the plaintiff) but that the automobile had been repossessed by the plaintiff, Randolph Motors, Inc., and title had accordingly vested in it. The Citizen's Bank of Cuthbert made no appearance or claim of interest in the automobile. The verdict of the jury, containing the words "we find for the plaintiff" obviously referred to Randolph Motors, Inc. The record shows that this case was tried on the theory that there was only one plaintiff, and the only logical conclusion from these facts is that Randolph Motors, Inc., after erroneously attempting to join the Citizen's Bank of Cuthbert, intended to and did strike this amendment together with all the others and the original petition at the time the petition in two counts was filed, excepting only the names of the parties as they originally appeared.

From the ruling herein made it follows that no reversible error appears either in the rulings on demurrer, or in regard to the

charge of the court in this connection, which is assigned as error in special ground 2 of the motion for new trial, or the testimony that title was in the plaintiff, assigned as error in ground 6.

 Count 1 of the petition alleges in substance: that the plaintiff, driving a 1951 Buick, was proceeding north on Court Street; that after passing the intersection of Court and Church Streets the defendant increased his speed sharply to about 25 miles per hour, that he was driving extremely close to the right side of the street and the outer edge of a pickup truck parked on the street; that when he reached a point near the position of the truck, its driver pulled away from the curb with the front end of the truck a distance of approximately two feet from the curb; that had defendant turned his automobile one foot to the left he could have avoided hitting the truck but he failed to do so, that instead he drove the right front fender of his automobile into the left front fender of the truck, and after the impact turned his automobile to the left, sharply accelerated his speed, crossed the center line of the street, and drove his automobile a distance of approximately 100 feet to the west side of the highway where he struck the plaintiff's 1946 Ford which had been parked in a legal manner parallel to the west curb of said street, knocking it up over the curb and into a telephone pole. Count 2 alleges that after the first impact the defendant negligently removed his hands from the steering wheel, went over in the seat of the automobile so that from the position in which he placed himself he could not see to steer, abandoned control of the steering apparatus and immediately accelerated his speed, whereupon the automobile proceeded across the center line of the highway and struck the parked vehicle as above set out. Both counts allege negligence in failure to have control of the automobile at all times, negligently driving against the parked automobile of the plaintiff, crossing over the center line, failing to apply brakes, failing to steer the automobile so as to avoid the pickup truck and the plaintiff's automobile, and other particulars, and count 2 expressly alleges negligence in removing his hands from the steering wheel and placing himself in such position as not to see how to control the course of the automobile. The various general and special demurrers contend generally that the petition and

its various parts show on their face that the first impact was caused by the negligence of a third party in turning into the defendant's path, and, under these circumstances, no negligence is alleged against the defendant since from the state of facts set forth it appears that the defendant, after being hit by the truck, had no control over his Buick and could not have prevented the second collision. The rulings on neither the general nor special demurrers show reversible error. The allegations of negligence are sufficient to present a jury question (a) as to whether the defendant might, in the exercise of ordinary care, have avoided the first collision, and (b) whether, after the impact, he negligently drove his Buick into the Ford or negligently placed himself on the floorboard, allowing the Buick to steer itself into the Ford, rather than, as contended by the defense, having suffered a blow sufficient to incapacitate him from steering the car after that time. Questions of diligence and negligence being, in all but clear and palpable cases, questions for jury decision (see *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618, 57 S. E. 2d 18, and citations) the court properly overruled the demurrers to the petition.

■ Special ground 1 of the amended motion for new trial complains that the court erred in charging Code § 68-303 (d), then in effect, that an operator of a vehicle overtaking another going in the same direction, and desiring to pass, shall pass to the left of the vehicle overtaken, on the ground that it was not adjusted to the issues in the case. On this issue a witness for the plaintiff testified: "This Buick pulled along side, got up to the pickup, and the pickup was moving, easing away from the curb, and the Buick either hit the pickup or the pickup hit the Buick, I could not tell which. . . The Buick and the pickup were practically side by side . . . I say the pickup was moving out slowly from the curb before the Buick got to it. . . The Buick was maybe 25 feet behind the pickup when I saw the pickup move out slowly away from the curb." The defendant testified that he was traveling 15 or 20 miles an hour and that "just say two or three cars from the intersection, this truck jumped out from the curb. I can not recall whether I noticed the truck before I got there. I first noticed it when he first

pulled into the side of my car. He gave no indication, no sign, not anything that he was about to pull out as I approached. I say he hit me about the front of the right-hand side, on the right-hand fender." A police officer testified for the defendant, "Just as Mr. Akin got up even with him, the negro pulled out to the left in the lane or traffic. . . I would say the pickup truck pulled away about three or four feet before the cars collided. . . . The Buick car of Mr. Akin was close to the pickup as he proceeded north. With the width of these two cars, they had a good bit of space left even in the lane he was traveling in."

In *Roberts* v. *Phillips,* 35 *Ga. App.* 743 (134 S. E. 837) it was held that Code § 68-305 regulating traffic where an operator of a motor vehicle meets an approaching vehicle refers to stationary vehicles as well as those in motion. It is, however, unnecessary to decide whether the Code section concerning passing vehicles which was charged by the court here should have the same construction, for, construing the evidence in favor of the verdict, the jury would have been authorized to find that while the plaintiff was proceeding down the street at only 15 miles per hour the driver of the truck was also proceeding down the street for a distance of 25 feet and had pulled away two feet from the curb, thus disclosing his intention of entering the traffic lane, and that, under these circumstances, the defendant's automobile must be said to have been *passing* that of the third party, so as to make this Code section applicable.

■ It is contended by special grounds 3 and 4 that the trial court erred in refusing to allow a police officer to testify that under the law the defendant had the right of way over the truck. Such testimony would have constituted a conclusion of law on one of the issues which it was the province of the jury to decide from the facts and the law as given in charge by the court, and it was accordingly properly rejected. *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (40 S. E. 239); *Pass* v. *State,* 95 *Ga. App.* 510 (2) (98 S. E. 2d 135).

■ Special ground 5 contends the court should have so charged the jury as to authorize them to bring in a verdict against the defendant for that percentage of the amount of injury attributed to him if they concluded that the injury was partly the result

of his negligence and partly the result of the negligence of the driver of the truck. Such a charge would have been erroneous if given. Joint tortfeasors may be sued jointly or severally and the liability is joint; if, on the other hand, the liability is several, no joint action may be maintained. As an example of the latter category see *City of Atlanta* v. *Cherry*, 84 *Ga. App.* 728, 732 (67 S. E. 2d 317) and citations. As an example of the right to proceed and to recover to the extent of the plaintiff's injury against one of two or more concurrent tortfeasors, see *Atlantic Coast Line R. Co.* v. *Strickland*, 87 *Ga. App.* 596, 603 (74 S. E. 2d 897) ; *Williams* v. *Grier*, 196 *Ga.* 327 (26 S. E. 2d 698). " 'Where one suffers an injury as the result of the concurring negligence of two tortfeasors, the injured party may maintain a joint or several suit against the tortfeasors. . .' *Gooch* v. *Georgia Marble Co.*, 151 *Ga.* 462 (107 S. E. 47). 'Where two concurrent causes naturally operate in causing an injury, there can be a recovery against both *or either one* of the responsible parties (citations) ; and this is true although the duty owed to the complainant by both parties defendant may or may not have been the same.' . . . ' *Searce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (3) (126 S. E. 883)." *Trammell* v. *Matthews*, 86 *Ga. App.* 661, 668 (72 S. E. 2d 132). "The violation by two persons of seperate duties owing to another person, and the commission by them of separate and distinct acts of negligence concurring in causing the injuries to such person, constitute the perpetrators joint tortfeasors." *Albany Coca-Cola Bottling Co.* v. *Shiver*, 63 *Ga. App.* 755 (1) (12 S. E. 2d 114). As stated in 65 C.J.S. 639, Negligence, § 102: "If, however, the concurrent negligence of two or more persons combined results in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all; the concurring negligence of one is no excuse or defense to another. Unless segregation as to causation can be established, or the damage caused by each is clearly separable so as to permit assignment of distinct responsibility, each is liable for the entire damage, if the results produced are indivisible, even though another was equally culpable, or contributed in a greater degree to the injury. Under such circumstances, no consideration is to be given to the comparative degrees of negli-

gence or culpability of the tortfeasors, or the degree of care owing by each, or their respective rights inter sese, and further inquiry as to proximate cause is not pertinent if the injury would not have been sustained except for the negligence of all." See also *Gazaway* v. *Nicholson*, 190 *Ga.* 345 (9 S. E. 2d 154). This ground is without merit.

■ Special ground 7 contends that it was error for the trial court to refuse to allow in evidence the record of a case made against the truck driver for "driving u/i and failing to grant right of way" with his plea of guilty thereon. The rule, as to parties to a suit, is that, while convictions for criminal offenses are inadmissible in a civil action of this kind, a plea of guilty may be shown as an admission against interest. *Roper* v. *Scott*, 77 *Ga. App.* 120 (2) (48 S. E. 2d 118); *Henderson* v. *Henderson*, 94 *Ga. App.* 64. (1) (93 S. E. 2d 822). Admissions by persons not a party to an action however are admissible in evidence only where the party making the admission is the real party in interest, although not a party to the record, or where a party to the record refers another to such third party for information, or where there is an admission by a third person against his interest as to ·a fact collateral to the main issue between the litigants but essential to the adjudication of the cause. Code §§ 38-404, 38-405. The plea of guilty here amounted to an admission by the truck driver that he had been guilty of negligence in driving his vehicle, but as we have seen above he might well have been guilty of such negligence and the defendant still be liable as a joint tortfeasor if his negligence concurred with that of the third party. The charge and plea were, as to the parties to this litigation, merely hearsay, and since they failed to come within the exceptions above stated were properly refused. See *Churchman* v. *Robinson*, 93 *Ga.* 731 (1) (20 S. E. 215).

■ As to the general grounds and the motion for judgment notwithstanding the verdict, and without regard to the evidence relating to count 1 of the petition, count 2 alleged other independent acts of negligence on the part of the defendant in that after he collided with the truck he abandoned the automobile, placed himself on the seat of the car so that he could not see where it was going, and pressed down on the accelerator. Numer-

ous witnesses testified that the defendant threw his hands up in the air, and the car shot forward rapidly, after colliding with the truck, and that it proceeded about 100 feet across the roadway at an angle, hitting the parked car of the plaintiff and knocking it up on the curbing, with such force as to practically demolish the automobiles. From the testimony as to speed, force, and distances adduced, it was purely a jury question as to whether these acts were due to the negligence of the defendant, or whether he had become incapacitated by the first impact and was unable to control the car. The jury decided these issues adversely to the defendant, which they were authorized to do under the evidence as a whole.

The trial court did not err in any of the rulings of which complaint is made.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*