40208.   BOROCHOFF v. RUSSELL et al.

HALL, Judge.  In this action for negligence in the operation of a tractor-trailer, there was a verdict and judgment against three defendants, Southern Wire & Iron, Inc., Charles Z. Borochoff, the corporation's president, and Charleston Stephens, the corporation's truck driver.  Borochoff, as plaintiff in error in this court, assigns error on the trial court's judgments overruling his motion for new trial and overruling demurrers to the plaintiff's petition.  *Held:*

The controlling issue is whether the evidence supported a verdict against the defendant Borochoff.  The petition alleged that Borochoff was negligent in ordering the defendant driver to drive the trailer, and causing, knowingly requiring and permitting it to be operated, without serviceable brakes and in violation of law, particularly the following statutes:  *Code Ann.* § 68-1715, prescribing brake equipment, performance and maintenance required for motor vehicles; *Code Ann.* § 68-1722, prohibiting any person to require or knowingly permit the operation of a vehicle contrary to law; and *Code Ann.* § 68-1723, prohibiting driving a vehicle unless its equipment

is in good working order as required by law and in safe mechanical condition. There was stipulation of fact or evidence that at the time of the collision Southern Wire operated the tractor-trailer unit in transporting boats, the tractor being leased from Ryder Leasing Company. The trailer had no serviceable brakes, and this was a cause of the collision. Southern Wire's driver had driven a pickup truck pulling the same trailer, with the brakes in the same condition, on two previous trips. On the first trip he had an accident due to having no brakes on the trailer. On the second trip a motor or scrap iron was carried on the trailer to weight it down. After each of these trips the driver told Borochoff that the trailer's brakes were no good and requested having them fixed, and Borochoff told him to "Go ahead"; "We can get by with it." Before the driver departed on the third trip Southern Wire's plant superintendent told the driver to go by Ryder Leasing Company and have the tractor-trailer checked, and to call him if there was any doubt about anything. The driver did stop by Ryder and asked if they could fix the brakes on the trailer, and the man there said that they could not work on the trailer because it was Southern Wire's responsibility, and the only thing they could do was work on the tractor.

Borochoff contends that the evidence, particularly that summarized below, shows that he neither authorized, allowed, nor directed the driver to make this trip using the trailer, and does not support a verdict against him: He was out of the city at the time Southern Wire's driver departed on this trip, and at that time he (Borochoff) had no knowledge of the condition of the brakes on the tractor-trailer unit. Prior to this trip Southern Wire's mechanics had rewired the trailer. Southern Wire had never used this trailer with the Ryder tractor as a unit before. He had no conversation with the driver before this trip and no connection with or supervision over his departure. Borochoff contends further that, whatever might be found that he told the driver earlier about using the trailer, it was countermanded by instructions given him by the plant superintendent to have Ryder fix the brakes, which later instructions the driver disobeyed.

Much of the evidence, including that as to instructions given the driver prior to this trip, is in conflict. There is no evidence

that the driver was instructed not to drive unless the brakes were fixed, and no undisputed evidence that he disobeyed any instruction. The undisputed evidence upon which Borochoff relies does not demand a verdict in his favor, and the evidence as a whole supports the verdict against him. Accordingly, the trial court did not err in overruling the general grounds of the motion for new trial. *Kendrick v. Kendrick*, 218 Ga. 460, 461 (128 SE2d 496):

The trial court did not err in overruling the special grounds of the motion for new trial complaining of the trial judge's instructions to the jury on the issue of Borochoff's liability.

The defendant concedes that the ground of his motion for new trial based on newly discovered evidence does not comply with the requirement of *Code* § 70-205 that affidavits as to the residence, associates, and means of knowledge, character, and credibility of the witness must be adduced. We find no authority supporting the defendant's argument that compliance with this statute should be excused in this case because the newly discovered evidence is witnessed by an affidavit of the defendant driver directly contradicting his testimony at the trial, and that the driver now resides outside the State. The trial judge did not err in overruling this special ground. *Bass v. State*, 152 Ga. 415, 416 (110 SE 237) ; *Russaw v. State*, 200 Ga. 666, 671 (38 SE2d 414).

In view of the allegations of the petition stated near the beginning of this opinion, the trial court did not err in overruling the defendant's general and special demurrers on the grounds that the petition did not state a cause of action and created a misjoinder of parties defendant. *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643, 646 (49 SE2d 143) ; *Akin v. Randolph Motors, Inc.*, 95 Ga. App. 841, 847 (99 SE2d 358).

The plaintiff's motion for damages pursuant to *Code* § 6-1801 is denied.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Westmoreland, Hall & Pentecost, M. K. Pentecost,* for plaintiff in error.

*Pittman & Kinney, R. Carter Pittman, Sam F. Lowe, Jr., Lipshutz, Macey, Zusmann & Sikes,* contra.