URBAN RENEWAL AGENCY OF the CITY
OF SAN MARCOS, Appellant,

v.

Lela Mae BETHKE et al., Appellees.

No. 11541.

Court of Civil Appeals of Texas.

Austin.

Nov. 1, 1967.

Rehearing Denied Nov. 29, 1967.

Sawtelle, Goode, Troilo, Davidson & Leighton, John W. Davidson, James M. Raines, San Antonio, for appellant.

Boyle, Wheeler, Gresham, Davis & Gregory, A. W. Worthy, San Antonio, for appellees.

PHILLIPS, Chief Justice.

This is a condemnation case arising in the City of San Marcos. Appellant, and plaintiff below, is a governmental agency with the power of eminent domain[1] over real property and the question of the proper award in damages for property taken from appellees under this power is the sole question before this Court. The property sought was for the expansion of Southwest Texas State College. Trial was before a jury in the County Court of Hays County and the jury found the market value of appellees' property to be $75,000. Judgment was entered on the verdict and from that judgment this appeal was taken.

We affirm.

Appellees' property consists of land and a building situated on the northeast corner of Colorado Street and North Lyndon B. Johnson Drive, both being paved streets in the City of San Marcos. The property fronts approximately 80 feet on Colorado Street and 106 feet on Lyndon B. Johnson Drive with a square footage of approximately 8,445 feet. The service station on the property rents for $250 per month, the cleaning shop for $60 per month, the cafe for $50 per month and the apartment for $65 per month or for a total monthly rental of $425. This property is located in a part of the city that is well located from a business standpoint being some two blocks due north of the courthouse square lying between this square and the College. There is no dispute between the parties that the principal value factor in appellees' property is its location.

---

1. Article 1269l–3, Section 16(a) Vernon's Ann.Civ.St. (Urban Renewal Law).

Appellant is before this Court on eighteen formal points of error, however it states in its brief that these points can be grouped into several main categories.

The first of these categories[2] is the refusal of the trial court to admit into evidence the zoning ordinance of the City of San Marcos effective on the date of taking or to permit appellant to examine or cross examine witnesses concerning its provisions applicable to appellees' property thus permitting the jury, in determining market value, to consider and speculate on uses of the property to which it was not reasonably adaptable. Appellant contends that appellees' valuation witnesses based their opinions of market value upon uses which the off-street parking requirements of the zoning ordinance, of which they were admittedly unaware, would either severely restrict or prohibit.

We overrule these points.

Appellant's position here is that a zoning ordinance was passed prior to the date of the taking of appellees' property. That this ordinance had an off-street parking requirement which provided that if buildings not located in the central business district are altered or demolished, off-street parking must be provided on the basis of one space for each employee and one space for each three hundred feet of building space. That this off-street parking requirement would apply to the subject property if the buildings were altered or demolished. That there was value testimony based on making structural changes and alterations to the building.

Appellant's counsel began questioning witnesses concerning the ordinance and as far as this Court can ascertain the ordinance itself was never offered into evidence or received into evidence. Appellant contends that it was offered, however the record does not bear this out although there is evidence that appellant did intend to offer the ordinance, referred to it on numerous occasions and in fact cross examined witnesses concerning the ordinance. Appellant correctly states that the record does not reflect any ruling of the trial court on the admission of the ordinance and the trial court rejected appellant's motion to change the statement of facts to show a ruling excluding the ordinance and certified the statement of facts as filed in this Court. Consequently, we can only assume that the trial court had nothing on which to rule concerning the admissibility of the ordinance.

Appellees vigorously objected to the admission of this ordinance on the ground that, since it was enacted as a part of the plan of the City of San Marcos to condemn appellees' land and change its use, it would be unfair and improper to admit it for the purpose of diminishing the value of the land taken.

2. Appellant's first five points of error pertinent here are:
"(1) The trial court erred in refusing to admit into evidence plaintiff's exhibit 14, a zoning ordinance of the City of San Marcos, which controlled the uses to which appellees' property could be devoted on the date of taking; (2) the trial court erred when it refused to allow appellant's appraisal witness, A. N. Moon, to testify how an applicable zoning ordinance of the City of San Marcos which contained an off-street parking requirement would affect the area of land available for business use on appellees' property and consequently affect the market value of same; (3) the trial court erred when it refused to permit appellant's appraisal witness, A. N. Moon, to show how ordinances containing off-street parking requirements affect land available for business use; (4) the trial court erred when it refused to allow appellant's appraisal witness, A. N. Moon to testify that a prospective sale of property directly across the street from the subject property fell through because of the zoning ordinance which contained a provision for off-street parking and which ordinance also applied to the subject property and (5) the trial court erred when it refused to allow appellant's attorney to cross-examine appellees' witness, Alex Kercheville, about the applicable zoning ordinance in effect at the date of taking and the consideration given it in his opinion of value."

■ Since the ordinance was not in evidence, it was not improper for the court to have excluded testimony concerning the contents of the ordinance and its relation to the property in question.

■ With respect to the court's sustaining of the objection to appellant's question of a witness as to whether or not there is any off-street parking requirement in San Marcos, no bill of exception was taken to the ruling, consequently nothing tangible has been properly presented for determination by this Court. Johnson v. Poe, 210 S.W.2d 264 (Tex.Civ.App. Galveston 1948, writ ref'd, n. r. e.).

■ It should be pointed out here that counsel through his questioning of the witnesses left little doubt in the minds of the jury that there was in fact an off-street parking ordinance in San Marcos. The trial court correctly sustained objections to questions intending to secure from the witness his construction of the ordinance and his opinion as to its effect. These are questions of law or of mixed law and fact which the trial court properly excluded. 2 McCormick and Ray, Texas Law of Evidence, Sec. 1423, p. 263; Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377, (1956).

■ With respect to the court's refusal to allow the witness Moon to testify as to whether the ordinance had caused a certain sale to fall through, we hold that this ruling was correct on the ground that it related to an unaccepted offer of sale. It is well settled that unaccepted offers of sale are inadmissible. See Hanks v. Gulf, Colorado & Santa Fe Ry. Co., 159 Tex. 311, 320 S.W.2d 333, (1959).

■ Appellant's second main category of errors [3] is that of the trial court in permitting appellees to introduce a deed which recited a consideration of $85,000 to the Mauldin Plymouth Agency property diagonally southwest across Lyndon B. Johnson Drive from appellees' property without any evidence of comparability and to allow appellees' counsel in jury argument to hammer on it, together with the court's refusal to grant a mistrial after appellees' counsel asked appellant's valuation witness if he had not appraised the Kercheville Pontiac property directly west across Lyndon B. Johnson Drive from appellees' property for $120,000 without subsequent proof of same thus encircling appellees' property with high dollar sums totally unrelated to the market value of appellees' property. Since appellees' evaluation witnesses did not base their opinions on comparable sales, the above innuendoes were particularly prejudicial since the jury could hardly be expected to exclude from consideration what the court admitted into evidence. It is the position of appellant

---

3. Appellant's points of error six through nine pertinent here are:

"(6) The trial court erred in admitting into evidence defendant's exhibit No. 26, a deed which reflected the consideration paid in a sale, when the sale, in addition to conveying real estate, conveyed an interest in an automobile agency, together with stock in trade; said automobile agency and real property being situated diagonally across the street from appellees' property; (7) the trial court erred in admitting into evidence the deed in the Arnold to Mauldin sale, which deed reflected the sales price involved in absence of a predicate or testimony by a qualified expert witness that the Arnold to Mauldin property was comparable to appellees' property; (8) the trial court erred in allowing appellees' attorney to argue in closing argument that the consideration recited in defendants' exhibit No. 26 was indicative of the market value of the appellees' property when said sale was the sale of a business interest in an automobile agency and the real property upon which the agency was situated, and (9) the trial court erred in allowing the appellees' attorney to argue in closing argument that the property diagonally across the street from appellees' property was comparable or in his words, 'the most comparable to the Bethke property' when the only testimony of comparability of said property came from E. O. Bethke, a witness, held by the court not to be qualified to give an opinion of market value."

that these errors were prejudicial beyond repair and individually require a reversal.

We overrule these points.

With respect to the Mauldin property, the record discloses that appellant's counsel himself elicited from one of appellees' witnesses his reliance on the Arnold-Mauldin sale as a comparable sale and made no objection to his testimony on this ground. Then evidence was adduced from appellant's own witness that the property involved in the Arnold-Mauldin sale was comparable in that the sale was close in time, that the property was diagonally across the intersection from appellees' property, that it was business property improved in part by a gasoline service station.

The deed which appellant objects to recites on its face that the total consideration of $85,000 consisted of $65,000 for the land, which included a service station and $20,000 for the business interest which was an automobile agency. This deed was offered in direct rebuttal to the hearsay testimony of one of appellant's witnesses to the effect that he had been told by Mauldin that the sale was of a going business and that the total consideration could not be allocated between the realty and the personalty. The deed reflected that the parties themselves had made the allocation, consequently a fact situation was raised for the determination of the jury. Navar v. State, 344 S.W.2d 188 (Tex.Civ. App. El Paso 1961, no writ); State v. Hamman, 377 S.W.2d 727 (Tex.Civ.App. Houston 1964, no writ).

Appellees' argument to the jury that the Mauldin property located diagonally across the street as comparable property was proper inasmuch as the evidence regarding same had been properly admitted.

■ Appellant's point of error number ten is that of the trial court in refusing to grant appellant's motion for a mistrial after appellees' counsel stated without any support to witness A. N. Moon: "Have you never estimated Mr. Kercheville's property across from Mrs. Bethke's to have a value of $120,000.00?"

Mr. Moon's answer to this question was that he had not. Under this record, if this was error, it was harmless. Tex.R.Civ.P. 434. We overrule this point.

Appellant's points eleven and twelve, briefed together, are the error of the trial court in refusing to permit appellant's expert appraisal witness A. N. Moon, to use the "cost approach" method of appraisal in that it did not allow him to show the consideration paid for the property known as the Texan Cafe; and, in this same respect, the refusal of the court to admit the evidence of appellant's appraisal witness Herman Korff.

We overrule these points.

In connection with points eleven and twelve, we also overrule appellant's points fifteen and sixteen, briefed together, which complain that there was no evidence of a probative and admissible nature to support the jury's verdict, that such evidence was insufficient and against the overwhelming weight and preponderance of the evidence.

■ The statement of facts in this case consists of 470 pages. The case was well developed on both sides and with a wide range of value testimony having been heard by the jury. As the court states in *Hamman*, supra, "It is within the province of the trial court to determine whether there is such similarity between tracts as to allow testimony as to the sales price of other tracts. The judge has a great deal of discretion in making this determination. His decision that there is sufficient similarity cannot be reviewed except to determine whether there has been an abuse of discretion," citing cases.

Cost approach, broadly defined, involves valuation of the condemned land separately from the improvements as a part of the process of arriving at the cost of reproduction of the whole property. Separate

valuation of the land is arrived at by comparison with sales of other lands claimed to be comparable.

The witnesses Moon and Korff both testified extensively using what they considered to be the cost approach, giving their opinions as to the value of appellees' land exclusive of improvements, and supporting their opinions by reference to sales of other land claimed to be comparable.

■ With respect to the court's exclusion of Texan Cafe property it is undisputed that this property was totally unimproved whereas the property in question was completely developed and situated in a different part of town. We hold that the court did not abuse its discretion in excluding this evidence. 22 Tex.Jur.2d, Eminent Domain, Section 301.

■ Appellant's point number thirteen is the error of the trial court in allowing appellees' witness, Roland Mansky, to testify to the value of appellees' property since his testimony of value was based on what the property was worth to him, not fair market value.

Roland Mansky is a San Marcos businessman. He was appointed by the County Judge to serve as a special Commissioner in this case and did so serve. He has bought and sold real property in the immediate neighborhood of the condemned property and has been consulted by others seeking business sites in San Marcos because of his knowledge of property values. He was acquainted with the condemned property having made an effort to purchase it for his own use, and, having reexamined it in connection with his services as a special Commissioner, he testified that he knew property values in San Marcos and the market value of the condemned property. From our reading of the record, the witness' testimony is not susceptible of the construction placed upon it by appellant.

We overrule this point.

Appellant's point of error number fourteen is the error of the trial court in allowing E. O. Bethke to testify about the sales price paid for the property known as the "Colloquium Book Store" even though the court rules the witness was not qualified to render an opinion of market value.

■ Here the trial court merely permitted this witness to read from Defendant's Exhibit 25 a deed reflecting the sale of property near the condemned property, and which had just been admitted in evidence without objection, the consideration paid for the property as stated in the deed. We overrule this point.

■ Appellant's point number seventeen is that if none of the above errors, in and of themselves, are sufficient to result in an improper and excessive verdict, the cumulative effect of all of said errors caused the rendition of an improper and excessive verdict.

We overrule this point.

Appellant's point of error number eighteen is that of the court in failing to direct a remittitur of $41,467.00 as the record reflects an excessive verdict in this amount.

■ Remittitur is appropriate only where the amount of the award exceeds the value placed on the land by any witness, where the record shows passion or prejudice on the part of the jury or when the evidence shows the amount of the award is manifestly excessive. The amount of damages is a question for the jury and unless the award is influenced by the improper elements set out above, neither the trial nor the reviewing court can substitute its judgment of values for that of the jury. 22 Tex. Jur.2d, Eminent Domain, Sec. 319.

The judgment of the trial court is affirmed.

Affirmed.