## 50116. HINSON v. DEPARTMENT OF TRANSPORTATION.

PANNELL, Presiding Judge.

The Department of Transportation initiated condemnation proceedings against a portion of appellant's land. A jury trial was held to assess the value of the property taken, the extent of consequential damages to the remaining property, and the possible business loss to condemnee's salvage business. A verdict for condemnee in the amount of $65,000 was returned. From the trial court's denial of a new trial, condemnee brought this appeal. *Held:*

1. Appellant asserts, in his first two enumerations, that the jury's verdict was grossly inadequate in that there was no award of damages for his loss of business. The constitutional provision that private property is not to be taken for public purposes without just and adequate compensation requires that the condemnee be adequately compensated, not only for the value of the land taken, but also for any damages to the condemnee resulting from the condemnation. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884); *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (154 SE2d 812). The destruction or loss of a business being operated upon the condemned property requires compensation where the land is shown to be "unique." "Every person who has an established business . . . in a location which cannot be duplicated within the immediate area suffers a loss which is particular and unique to him . . . Market value is not necessarily just and adequate compensation to them, for market value presupposes not only a buyer willing to purchase but a seller willing to sell. If the property must be duplicated for the business to survive, and if there is no substantially comparable property within the area, then the loss of the forced seller is such that market value does not represent just and adequate compensation to him." *Housing Authority of the City of Atlanta v. Troncalli,* 111 Ga. App. 515, 518 (142 SE2d 93).

In the case sub judice, appellant's contention that similar property upon which to conduct his profitable salvage is unavailable and appellee's denial of the property's unique character formed the central issue for the jury's determination. Appellee's witnesses testified to the availability of similar property within the vicinity of appellant's land and suitable for the relocation of his business. While the evidence in this regard was conflicting, it was within the jury's province to believe appellee's witnesses and to conclude that appellant would not be damaged by the relocation of his business. The verdict for $65,000 was within the range of values offered into evidence and therefore was authorized and not inadequate. *State Hwy. Dept. v. Jernigan,* 123 Ga. App. 393 (181 SE2d 287); *Lassiter v. State Hwy. Dept.,* 117 Ga. App. 128 (159 SE2d 302); *Swiney v. State Hwy. Dept.,* 116

Ga. App. 667 (158 SE2d 321).

2. Appellant enumerates error in the trial court's allowance of testimony interpreting the county zoning ordinance. Over appellant's objections, condemnor's expert witness testified to the following: "Q. I say, what does your investigation of the zoning ordinance indicate to you to be the zoning that is required for the establishment of a salvage yard? A. My interpretation of the zoning ordinance is that it would be allowed in a BI, or general industrial district, where it is at present. Mr. Hinson's property is in a GI district. Q. All right, sir. A. It could also go in a BI, or basic industrial district, providing it was screened by an opaque fence from other surrounding properties. . . Q. All right, sir. Mr. Gordon, did you consider, after reading that, those portions of the zoning ordinance, that this business could be located in a GI or BI zone, subject to the conditions that you read, the planting strip and no burning? A. That was my conclusion after reading the ordinance, yes, sir. . . Q. . . . Would it or would it not be possible to locate Mr. Hinson's salvage business in any of the areas marked on that plat as GI subject to the conditions that you read? A. Yes, sir."

"The construction of a zoning ordinance, under the facts, is a question of law for the courts." *City of Rome v. Shadyside Memorial Gardens, Inc.,* 93 Ga. App. 759, 763 (92 SE2d 734); *Ervin Co. v. Brown,* 228 Ga. 14, 15 (183 SE2d 743).

As a general and widely accepted rule, questions of law or questions involving the interplay of law and facts are inadmissible conclusions. 32 CJS 91, Evidence, § 453; McCormick, Evidence § 12 (2d Ed. 1972). Our courts have embraced this rule in numerous decisions holding that testimony of this sort must be excluded. *Fett v. Alderman,* 117 Ga. App. 677 (161 SE2d 350); *Douglas v. McNabb Realty Co.,* 78 Ga. App. 845, 854 (52 SE2d 550); *Davies v. Blasingame,* 177 Ga. 450 (4) (170 SE 477); *Hunt v. Lavender,* 140 Ga. 157 (78 SE 805). Thus, in *Kimbell v. State Hwy. Dept.,* 115 Ga. App. 435 (154 SE2d 832), wherein the condemnor asked one of its witnesses whether condemnee could "go into the court of ordinary" to acquire a private way into that portion of his property which would be landlocked by the highway, we held that

the trial court correctly excluded the witness' answer as a legal conclusion. See also Urban Renewal Agency v. Bethke, 420 SW2d 803, 806 (Tex. Civ. App. 1967), wherein the Texas court held: "The trial court correctly sustained objections to questions intending to secure from the witness his construction of the [zoning] ordinance and his opinion as to its effect. These are questions of law or of mixed law and fact which the trial court properly excluded."

From the above authorities, we must conclude that the testimony of condemnor's expert was an improper expression of legal opinion which should have been excluded upon appellant's timely objections. Condemnor's questions sought to elicit from the witness an opinion as to which areas permitted the establishment of a salvage business under the provisions of the zoning ordinance. The witness concluded that the business could be relocated upon property zoned general industrial or basic industrial. Although a salvage business is "conditional use," which the zoning ordinance permits "subject to a determination by the building official that they conform to all regulations set forth herein, and elsewhere in this ordinance," the witness' interpretation implied that the conditional use must be granted upon the fulfillment of two stated conditions. The interpretation of this ordinance may have been an important factor in the jury's determination of whether or not appellant's property was of that unique character so as to entitle him to compensation for the loss of his business. The proper construction of the zoning regulations was a matter for the court and it was prejudicial error to allow condemnee's witness to interpret its meaning.

3. Error is enumerated in the trial court's refusal to admit testimony regarding appellant's attempts to have other property rezoned so as to permit the operation of a salvage business upon it. The record not only shows no basis of comparability between the two pieces of land, but it appears that the properties are substantially dissimilar. The excluded testimony concerned a requested change of zoning from Class D, Agricultural, to Class E, Business. Moreover, the application for rezoning was made under zoning regulations which were

subsequently repealed. The court correctly excluded this testimony, since appellant failed to make the requisite showing of substantial similarity of conditions upon which a comparison might be based. See *State Hwy. Dept. v. Clark,* 123 Ga. App. 627 (181 SE2d 881); *Southern Natural Gas Co. v. Waters,* 124 Ga. App. 45 (183 SE2d 45); *State Hwy. Dept. v. Howard,* 119 Ga. App. 298 (167 SE2d 177).

4. Appellant assigns as error the trial court's restriction of voir dire questions as to a prospective witness whose brother-in-law was a witness for condemnor. The court refused to allow questions concerning this person's possible bias due to this relationship. The limitation of appellant's questioning was error. Code Ann. § 59-705. However, this prospective juror was struck peremptorily by appellant and was not upon the panel accepted to try this case and render a verdict. While the court's refusal to allow a complete examination may have resulted in the "loss" of one of his peremptory strikes, it is not shown that this possibility prejudiced appellant in any way. Moreover, nothing appears which might indicate that this resulted in leaving on the jury any person who was not impartial or otherwise not qualified to serve. Under the specific facts of this case, we view the trial court's error as harmless. See *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 160 (141 SE2d 189).

5. Appellant's remaining enumerations are without merit.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 10, 1975 — DECIDED JUNE 13, 1975 — REHEARING DENIED JUNE 30, 1975 —

*Hutto & Palmatary, Edward E. Boshears,* for appellant.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel, Donald B. Napier,* for appellee.