CARROLL, DONALD K., Judge.
The defendant in an automobile negligence action has appealed from a final judgment entered by the Circuit Court for Duval County, based upon a jury verdict.
The basic question presented for our determination in this appeal is whether the said court erred in refusing to direct a verdict for the defendant at the trial for insufficiency of the evidence that the defendant was guilty of negligence.
After the close of all the evidence at the trial the defendant moved for a directed verdict in its favor upon the ground that there was no evidence of negligence on the part of the defendant. This motion was denied by the trial court, which then submitted the factual issues to the jury for its determination.
The evidence at the trial on the factual issue of the defendant’s negligence was somewhat in conflict, but such conflicts are to be resolved by the jury under our system of jurisprudence. Neither the trial court nor this appellate court is authorized to substitute its judgment for that of the jury as to the factual issues drawn by the parties’ pleadings in an action at law like the present action.
The following rules governing directed verdicts have been firmly established by a long line of Florida decisions:
The power to direct a verdict should be cautiously exercised, and a motion for a directed verdict should not be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained. See, for instance, Burch v. Strange, 126 So.2d 898 (Fla.App. 1961).
*514 A motion for a directed verdict admits for the purpose of such motion the facts in evidence and every reasonable and proper conclusion based thereon which is favorable to the adverse party. See Hartnett v. Fowler, 94 So.2d 724 (Fla.1957) and Budgen v. Brady, 103 So.2d 672 (Fla.App.1968).
In other words, as we held in Massaline v. Rich, 137 So.2d 10 (Fla.App.1962) :
“It is the settled law of this state that in passing upon a motion for directed verdict, the trial court must accept as true all facts shown by the evidence, as well as all inferences reasonably deducible therefrom, considered in a light most favorable to the non-moving party. Upon such consideration the court must determine whether the evidence makes out a prima facie case entitled to jury consideration.”
The basic reason why a trial court’s power to direct a verdict should be cautiously exercised is to prevent any infringement upon the organic right of trial by jury. Bryan v. Loftin, 51 So.2d 724 (Fla.1951).
Applying the foregoing rules to the situation in the case before us, we recognize that neither the trial court nor this court has the function of reconciling the conflicting evidence or determining the credibility of the witnesses but has only the function of examining the trial evidence and ascertaining whether, from that evidence, the jury as reasonable men could properly conclude that the defendant was guilty of negligence proximately causing the plaintiff’s injuries.
In performing this latter judicial function, we think that such supporting evidence is found in the testimony of the plaintiff Charlie Jenkins, as well as in other testimony at the trial. He testified as follows:
On the date in question he was taking his wife, the plaintiff Ethel Jenkins, to work and was driving his automobile on Kings Road in the City of Jacksonville, When they approached a railroad crossing, three vehicles ahead of them had stopped for a passing train and, Jenkins testified “* * * so I stopped. About the time I stopped, the truck behind me just slammed into me.” He then looked down and saw his wife on the floor, and, while he still had his foot on the brake, he picked her up, switched the car off, and then ran to get her an ambulance. He did not strike the car in front of him when his automobile was struck in the back by the truck. When he drove up and stopped, he was over a car length from the car in front of him.
Other evidence showed that the truck which struck the plaintiffs’ automobile in the rear was owned by the defendant and driven by its employee.
The plaintiffs contend in their appellate brief that the jury could have reasonably concluded from the trial evidence that the defendant’s said employee was negligent because he was able to see that the plaintiffs’ automobile was stopped and in a halted position and because he failed to stop a reasonably safe distance to the rear of the plaintiffs’ automobile, for otherwise he could have avoided the collision when a light car behind the truck “eased off” from a standing position and hit the truck with a slight bump.
In our opinion, accepting as true, as the trial court was required to under the above rules, all inferences reasonably deducible from the trial evidence, considered in the light most favorable to the plaintiffs on the issue of the defendant’s negligence, that issue was properly submitted by the trial court to the jury for its determination. That court was therefore eminently correct in denying the defendant’s motion for a directed verdict.
In addition to the trial evidence from which we think the jury could have reasonably concluded that the defendant was guilty of negligence proximately caus *515 ing the plaintiffs’ injuries, their case was aided by the presumption of negligence which arises against the operator of the overtaking vehicle in a rear-end collision with a vehicle properly stopped at an intersection or traffic light, etc. See Busbee v. Quarrier, 172 So.2d 17 (Fla.App.1965) and Guile v. Boggs, 174 So.2d 26 (Fla. 1965). While that presumption is rebut-table, we do not think that the defendant’s evidence here was sufficient to dissipate that presumption as a matter of law.
Other points raised by the appellant in this appeal have been considered and found to lack substantial merit.
For the foregoing reasons the final judgment appealed from herein must be and it is
Affirmed.
JOHNSON, Chief Judge, concurs and RAWLS, J., dissents.