339 So.2d 1112 (1976)
Edward M. STRAWGATE and Gerald M. Higier, Petitioners,
v.
Dorothea Chase TURNER, Respondent.
No. 47136.
Supreme Court of Florida.
June 30, 1976.
Rehearing Denied December 9, 1976.
Gerald M. Higier, Coral Gables, for petitioners.
William H. Turner, III, Miami, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of ceriorari to review the decision of the District Court of Appeal, Third District, reported at 307 So.2d 902, which reversed the judgment of the Circuit Court, Eleventh Judicial Circuit in and for Dade County. We have jurisdiction because of conflict with Benedict v. Dade County Realty Inc., 274 So.2d 553 (Fla.App.3rd 1973). Article V, Section 3(b)(3), Florida Constitution.
Petitioners, as purchasers, and respondent, as seller, entered a contract for the sale of real property, which was to be developed as a shopping center by petitioners. The property was described by the sale agreement as consisting of 500 feet of "frontage" on U.S. Highway No. 1. A down payment was deposited in escrow pursuant to the agreement.
Following the execution of the sale agreement, a survey revealed that the property was separated from the pavement of U.S. Highway No. 1 by a state right-of-way 175 feet wide, which ran the length of the property. Because they believed the word "frontage" in the contract meant that the property abutted the pavement of the highway, petitioners requested the escrow agent to return their down payment. Rather than honor the request, the escrow agent brought an action before a court without jury, in which petitioners and respondent were interpleaded as defendants. Petitioners cross-claimed that respondent misrepresented the boundaries of the property, or, in the alternative, that a mutual mistake existed between the parties requiring rescission of the contract.
At trial, testimony of petitioners and expert witnesses, as well as evidence of physical features of the subject property, supported petitioners' alternative theories of recovery. The trial judge granted judgment for petitioners.
*1113 Respondent appealed the judgment to the District Court of Appeal, Third District. The opinion rendered by the District Court reviewed the evidence and reversed with instructions to enter judgment in favor of respondent.
Findings of fact by a trial judge are presumed to be correct and are entitled to the same weight as a jury verdict. Read v. Frizzell, 60 So.2d 172 (Fla. 1952). Findings by trial court will not be disturbed unless there is a lack of substantial evidence to support the court's conclusion. Chakford v. Strum, 87 So.2d 419 (Fla. 1956).
Our examination of the record convinces us that the trial court had ample evidence before it as a basis for its judgment. In reaching a contrary decision the District Court improperly substituted its judgment for the trial court's.
Accordingly, the decision of the District Court of Appeal, Third District, in this cause is quashed with directions to affirm the judgment of the trial court.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
Rehearing denied; OVERTON, C.J., BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., and ROBERTS, Ret. J., concur.
ADKINS, J., dissents.