338 So.2d 1109 (1976)
Peter W.P. GRAULICH, Appellant,
v.
FREDERIC H. BERLOWE & ASSOCIATES, INC., et al., Appellees.
No. 75-1990.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied November 22, 1976.
*1110 George V. Lanza and John A. Finn, Coral Gables, for appellant.
Linet, Weiner & Zedeck, Richard H. Bergman, North Miami Beach, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant, Peter Graulich, the third party defendant below, appeals a final judgment in a non-jury trial entered for the appellees, Paul and Eleanor Pesce, who were third party plaintiffs.
The appellees are owners of a parcel of land upon which they planned to construct an office building. They obtained the services of the appellant, a licensed architect, to draw up preliminary plans. Thereafter, the appellee property owners entered into an agreement for $9,275 with the appellant architect to furnish a complete set of plans for the construction of the proposed building. The architect retained the services of Frederic H. Berlowe & Associates, Inc., to furnish mechanical and electrical design services, and Allen M. Reese & Associates, Inc., to furnish structural design engineering work in connection with the proposed plans. Subsequently, the architect advised the owners that due to zoning problems, it would be necessary to apply for a variance before the Planning and Zoning Board and the Council of the City of North Miami Beach. The appellees, thereafter, ceased making further payments to the appellant. It appeared to the trial judge that the architect had not investigated the zoning relative to the property prior to drawing up his plans pursuant to the agreement, it being apparent that the architect knew the parcel of land involved. What followed were actions by Frederic H. Berlowe & Associates, Inc., and Allen M. Reese & Associates, Inc., seeking to foreclose mechanic's liens against Paul and Eleanor Pesce, the appellees. In turn, the Pesces brought a third party action against the architect Graulich. The court found, from the testimony of three professional architects, as to the standards and the normal, common practice of architects upon being retained by a client, that "... it is incumbent upon the architect to first check with the governmental authority as to the zoning of the property for which plans are to be prepared and then to prepare preliminary plans to be submitted to the municipal authority for zoning and lay out approval." It was the opinion of the trial court that "... architecture is a highly specialized profession," and "[t]hat a lay person employing an architect's services must rely on the expertise of said architect." Further, the court found that "[a] professional standard exists in this profession; one created by the architects in the community. Work that is done by an architect that is below professional standard in the community is a non-compliance with the contractual agreement entered into between the lay person and the employed architect and will relieve the person employing the architect of financial responsibility of the substandard work." The court then found that the work completed by the appellant was "substandard," and that the appellees were not financially obligated to pay for his work.
Judgment was then entered for the plaintiff Frederic A. Berlowe & Associates, Inc., and Allen M. Reese & Associates, Inc., against the appellees, defendants therein, and judgment was entered for the appellees, as third party plaintiffs, against the appellant architect, as third party defendant.
The thrust of this appeal concerns appellant's contention that the judgment is not supported by substantial evidence. We have reviewed the record and cited authorities, and find that there is substantial, competent evidence to support the trial judge and, therefore, we affirm on the authority of Strawgate v. Turner, 339 So.2d 1112 (Fla. *1111 1976). As the Supreme Court stated in Strawgate:
"Findings of fact by a trial judge are presumed to be correct and are entitled to the same weight as a jury verdict. Read v. Frizzell, 60 So.2d 172 (Fla. 1952). Findings by trial court will not be disturbed unless there is a lack of substantial evidence to support the court's conclusion. Chakford v. Strum, 87 So.2d 419 (Fla. 1956).
"Our examination of the record convinces us that the trial court had ample evidence before it as a basis for its judgment. In reaching a contrary decision the District Court improperly substituted its judgment for the trial court's."
Compare Bott v. Moser, 175 Va. 11, 7 S.E.2d 217 (1940), where the Supreme Court of Appeals of Virginia found that an architect is bound to know the building restrictions of the place where the building is to be constructed, and to draw his plans and specifications accordingly.
Affirmed.
HENDRY, J., dissents.