358 So.2d 865 (1978)
ROBSOL, INC., Champlain Building Corp., MRSR, Inc., and Eton Realties, Inc., Appellants,
v.
Milton B. GARRIS, Jr., Garris Engineers, Inc., and Robert Hutcheson, Appellees.
No. 76-2291.
District Court of Appeal of Florida, Third District.
May 16, 1978.
Colson & Hicks, Susan Goldman, Miami, for appellants.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellees.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
The plaintiffs Robsol, Inc., Champlain Building Corp., MRSR, Inc., and Eton Realties, Inc. appeal a final summary judgment entered in favor of the defendant Robert Hutcheson in an action for damages allegedly sustained in part as a result of the defendant Hutcheson's breach of contract *866 and negligence as an architect. The plaintiffs contend on appeal that there was a genuine issue of material fact as to whether the defendant Hutcheson was guilty of actionable negligence and breach of contract as an architect in submitting architectural plans to the plaintiffs' predecessor in interest for a high rise condominium project, which plans violated the applicable municipal bulkhead line as provided for in the City of Surfside local ordinances. We agree and reverse.
The law is clear that an architect owes a duty of due care to his client in arranging site plans and drawing buildings which are in conformance with building and zoning codes as well as other similar local ordinances. The architect is liable to his client in tort and contract when that duty is breached as to any damages proximately caused by such breach. Graulich v. Berlowe & Associates, Inc., 338 So.2d 1109 (Fla. 3d DCA 1976); Maritime Construction Co. v. Benda, 262 So.2d 20 (Fla. 1st DCA 1972); Bott v. Moser, 175 Va. 11, 7 S.E.2d 217 (1940). See Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970).
Our review of the record herein reveals sufficient factual conflict as to whether the defendant Hutcheson breached his above-stated duty of due care to his client. The final summary judgment for the defendant Hutcheson is therefore reversed and the cause remanded to the trial court for further proceedings. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed.