360 So.2d 32 (1978)
Victor P. KRESTOW, Appellant,
v.
Shirley O. WOOSTER, Jr., et al., Appellees.
Nos. 77-144, 77-145.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 14, 1978.
Weinstein & Bavly and Arthur J. Morburger, Miami, for appellant.
Knight, Peters, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellees.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
The plaintiff Victor P. Krestow appeals from a final judgment entered upon a jury verdict in favor of the defendants Shirley O. Wooster, Jr., T. Trip Russell, William Russell, Russell-Wooster Associates, and their insurer the Continental Casualty Company in an action for professional architect malpractice, breach of contract, and fraud and a counterclaim by the defendants against the plaintiff for monies owed on a contract for architectural services, such judgment having been entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. The plaintiff appeals raising a number of contentions none of which in our opinion rise to the level of reversible error sufficient to upset the judgment appealed from. We accordingly reject such contentions and affirm. Gallegher v. Federal Insurance Co., 346 So.2d 95 (Fla. 3d DCA 1977); Strahm v. Aetna Casualty & Surety Co., 285 So.2d 679 (Fla. 3d DCA 1973); Bell's Fish & Poultry Co. v. Jenkins, 227 So.2d 512 (Fla. 1st DCA 1969); Warfield v. Sparks, 203 So.2d 63 (Fla. 1st DCA 1967).
One point merits brief discussion. The plaintiff contends that he was entitled upon motion at trial to a directed verdict on his claim for professional malpractice and breach of contract against the defendants as architects. He contends that as a matter of law the defendants breached their duty of due care in submitting building and architectural plans in conformance with local zoning ordinances because the plans in fact violated such local ordinances. We cannot agree.
The law is clear that an architect owes a duty of due care to his clients in arranging site plans and drawing buildings in conformance with building and zoning codes as well as other similar local ordinances. That duty is discharged, however, when the architect, as in the instant case, *33 reasonably relies on the legal advice of the client's lawyer concerning the nature of the applicable zoning classification and submits architectural plans in conformance with such zoning. There can be no action against the architect in tort or contract if it later develops, as here, that the legal advice was wrong and the zoning classification is different from that represented by the lawyer. Robsol, Inc. v. Garris, 358 So.2d 865 (Fla. 3d DCA) (opinion filed May 16, 1978); Graulich v. Berlowe & Associates, Inc., 338 So.2d 1109 (Fla. 3d DCA 1976); Maritime Construction Co. v. Benda, 262 So.2d 20 (Fla. 1st DCA 1972); Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970); Bott v. Moser, 175 Va. 11, 7 S.E.2d 217 (1940).
Although there is a conflict in the evidence as to whether the defendants obtained the legal advice in question with reference to the applicable zoning classification, it is clear that there was sufficient evidence upon which the jury could have reasonably concluded that such advice was given and that the defendants relied thereon. It is not the function of this court to reweigh and re-evaluate the evidence on appeal; that is the sole function of the jury as the trier of fact. Warfield v. Sparks, 203 So.2d 63 (Fla. 1st DCA 1967).
Affirmed.