467 So.2d 386 (1985)
Mary AINSWORTH, Appellant,
v.
INTERCONTINENTAL HOTELS CORPORATION, a Foreign Corporation, Appellee.
No. 83-2729, 83-3012.
District Court of Appeal of Florida, Third District.
March 26, 1985.
Rehearing Denied May 7, 1985.
*387 Stinson, Lyons & Schuette and Douglas Lyons, Miami, for appellant.
Gerald E. Rosser, Miami, for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
The plaintiff brought an action against the defendant for injury sustained when she was a paying guest in the Keio Hotel located in Tokyo, Japan, which was allegedly operated by the defendant.
The evidence indicated that the plaintiff slipped and fell on a threshold between the bathroom and guestroom. In construction of this hotel a prefabricated bathroom unit was utilized by the defendant. It was placed on the existing floor causing the floor of the bathroom to be elevated slightly above the remaining floor in the guestroom. This rise in elevation was covered by a threshold constructed of stainless steel. The threshold was elevated about one and one-half inches above the carpet in the guestroom. It had a smooth surface and sloped at a thirty degree angle for a distance of about three and one-third inches. The testimony of the experts offered by both sides was that, as constructed, this threshold constituted an inherently dangerous condition. The jury returned a verdict for the plaintiff which, among other things, found her to be 20% negligent.
Following the entry of the jury verdict and final judgment thereon, the trial court granted the defendant's reserved motion for directed verdict relying upon the Supreme Court's decision in Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983). The plaintiff appealed this ruling and the defendant filed a cross-appeal contending that the trial court erred in failing to grant it a directed verdict because the plaintiff had failed to establish that the defendant, as a franchisor, was responsible. We reverse, on the plaintiff's appeal, the order on the reserved motion for directed verdict.
We do not find Schoen v. Gilbert, supra, applicable in this commercial setting. While there was change in elevation in the instant case, that was not the claimed negligence. The defendant's negligence was the installation and maintenance of a threshold which was, in and of itself, inherently dangerous. This fact would be true no matter where this particular threshold was installed.
The order on the reserved ruling on the motion for directed verdict is reversed and the trial court is directed to reestablish the judgment in favor of the plaintiff.
The relief sought by the defendant on the cross-appeal as relates to the denial of the motion for directed verdict on the agency argument is rejected and the trial court in this regard is affirmed. See Orlando Executive Park, Inc., v. Robbins, 433 So.2d 491 (Fla. 1983).
Reversed in part with directions, affirmed in part.