490 So.2d 252 (1986)
Robin KRIVANEK, Supervisor of Elections, Appellant,
v.
Zennith PASTERNACK and Annette Pasternack, His Wife, Appellees.
No. 85-2537.
District Court of Appeal of Florida, Second District.
July 2, 1986.
Jack M. Larkin and Rich Schultz, Asst. Co. Attys., Tampa, for appellant.
Rudy G. La Russa and Paul Antinori of Antinori and Thury, P.A., Tampa, for appellees.
CAMPBELL, Judge.
Appellant, Robin Krivanek, Supervisor of Elections of Hillsborough County, Florida, seeks review of the trial court's final judgment following a jury verdict finding appellant guilty of negligence.
Appellees filed a negligence action below against appellant and the City of Tampa alleging that appellant and the City of Tampa failed in a duty owed to appellees to: (1) maintain the premises of a voting precinct in a fire station of the City of Tampa in a reasonable and a safe condition; and (2) warn appellees of defects or deficiencies in the premises which caused appellee Annette Pasternack to fall. The City of Tampa was found not liable.
A special election was held by the City of Tampa on March 1, 1983. Chapter 79-573, Laws of Florida (1979) provides that the supervisor of elections of Hillsborough County shall be the elections officer of the City of Tampa and shall conduct, hold, and regulate all municipal elections of every kind.
That special act further provides that the elections officer shall use the registration records of Hillsborough County for all city elections, and that for the purpose of conducting elections, it shall be the duty of the elections officer to conduct training classes for inspectors, clerks and deputy sheriffs to instruct them in their duties and responsibilities as election officials.
Mrs. Pasternack went to vote at Precinct 4 in Fire Station # 17 on Davis Island at about 7:00 a.m. on the day of the election. Because it was a windy and rainy morning, the election supervisors directed the voters through a side door of the fire station instead of through the main fire station garage doors as was usually done. After entering the side door, Mrs. Pasternack was met and greeted by a deputy sheriff acting as an election official. The evidence is in dispute, but one version indicates the deputy preceded Mrs. Pasternack down a short hall and opened a door behind which was located a five-and-three-quarter-inch drop from the hall floor to the floor of the garage where the voting machines were *253 located. Mrs. Pasternack testified she did not observe the drop in the floor level which caused her fall. She testified that as she approached the solid door that concealed the drop in floor level, the deputy sheriff opened the door for her and said "Good morning," to which she simultaneously replied causing her to look at him rather than at the floor level.
We find that there were sufficient circumstances other than just the change in floor level to sustain the finding of negligence on the part of appellant and thereby distinguish this case from Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983). See Northwest Florida Crippled Children's Assoc. v. Harigel, 479 So.2d 831 (Fla. 1st DCA 1985); Ainsworth v. Intercontinental Hotels Corp., 467 So.2d 386 (Fla. 3d DCA 1985); Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985).
Appellant also argues that she should be protected from liability based on the provisions of section 768.28(9)(a), Florida Statutes (1985), which provides that no officer, employee or agent of the state or any of its subdivisions shall be held personally liable in an action in tort for acts or omissions done in the scope of his/her employment. Appellant was not sued personally, but was sued as Supervisor of Elections of Hillsborough County. Nevertheless, she argues that the provisions of chapter 79-573 make her an employee of the City of Tampa, and she is thus immune from liability. We do not agree.
While the provisions of chapter 79-573 empower the Supervisor of Elections of Hillsborough County to act on behalf of the City of Tampa, it does not transform the Supervisor of Elections, while acting in her official capacity, into an employee of the City of Tampa for the purposes of the exemption found in section 768.28(9)(a). In this case, appellant has been found liable, not personally, but as Supervisor of Elections of Hillsborough County. It should be noted that the only defense regarding sovereign immunity which has been raised by appellant was limited to the provisions of section 768.28(9)(a).
The judgment is affirmed.
DANAHY, C.J., and LEHAN, J., concur