BENTON, Judge.
We reverse a final summary judgment entered in favor of Bill Arflin Bonding Agency, Inc. (Arflin) and Barry and Eunice Zisser, owners of the building in which Arflin operates a Western Union office. As she left this building, the Lindseys’ complaint alleges, Mrs. Lindsey slipped, fell and fractured her ankle. It is for a jury to say whether events transpired as alleged and, if so, to assess the extent of the defendants’ responsibility, if any, under appropriate instructions.
The complaint alleges negligence in failing to discover and remove a “wet spot” on the landing, and in failing to provide a handrail. On appeal, the Lindseys rely only on the second theory, in urging reversal of summary judgment. On September 22, 1990, the complaint alleges, Joanette Lindsey ascended three steps to enter the building; remained inside the Western Union office for no longer than twenty minutes; then in leaving the building, slipped on a wet spot at the top of the steps and fell, ending up at street level with a broken ankle. Joanette Lindsey claims damages for her injury, and Robert Lindsey claims loss of consortium and companionship.

Facts Regarding Causation In Dispute

In granting the defendants’ motions for summary judgment, the trial court found that the absence of handrails did not contribute to Ms. Lindsey’s injuries because “the uncontroverted evidence reveals that she broke her ankle at the time she slipped on the liquid substance on the landing, and not while actually on the steps themselves.” On this factual basis, the trial court concluded that the absence of handrails was not the legal cause of Mrs. Lindsey’s fall - or her injuries. Although labelled a “finding of Law,” the trial court’s determination that the absence of handrails did not contribute to Mrs. Lindsey’s fall or injuries was in part the resolution of a central fact in dispute. Viewed in this light, the finding invades the province of the jury.
Summary judgment should be granted only where it is clear that no issues of material fact exist. Craig v. Gate Maritime Properties, 631 So.2d 375, 377 (Fla. 1st DCA 1994); Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla.1992). The movant’s proof must be conclusive; all reasonable inferences which may be drawn in favor of the opposing party must be overcome. Landers v. Milton, 370 So.2d 368, 370 (Fla.1979); Holl v. Talcott, 191 So.2d 40, 43-44 (Fla.1966); Craig, 631 So.2d at 377. “[I]f the record raises even the slightest doubt that an issue [of material fact] might exist, summary judgment is improper.” Craig, 631 So.2d at 377, citing, Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991). Partieu- *567 lar caution should be employed when granting summary judgment in negligence actions. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985); Johnson v. Deep South Crane Rentals, Inc., 634 So.2d 1113, 1113-14 (Fla. 1st DCA 1994).
As a whole, testimony Ms. Lindsey gave on deposition indicates that she did not know exactly when her ankle fractured. She testified repeatedly that all she knew was that her ankle was swollen, when, after coming to rest on the sidewalk at the bottom of the steps, she examined her foot. The trial court resolved a question of fact that should have been saved for the jury, in deciding that she broke her ankle on the landing, rather than on a step or on the sidewalk. The jury might reasonably infer that the fracture followed the initial slip.

Legal Duty To Invitee

The summary judgment reflects the trial court’s conclusion that the building code of the City of Jacksonville in force when the building was constructed did not require that the defendants’ steps or stairs be equipped with handrail(s); and, more broadly, that no common law principle required that the steps be equipped with handrail(s), in order to protect patrons from an unreasonably hazardous condition. In the present posture of the case, affirmance would be appropriate, despite the unwarranted resolution of a factual question, if no jury could consider a lack of handrails in deciding whether the defendants breached their duty of ordinary care.
The owner or occupant of premises owes an invitee the duty of ordinary care in maintaining the premises in a reasonably safe condition; and of giving invitees timely notice of latent perils of which the owner or occupant is in fact or reasonably should be aware. Here no one disputes that the lack of handrails was apparent to all. See Matson v. Tip Top Grocery Co., Inc., 151 Fla. 247, 9 So.2d 366 (1942). The trial court determined that no appellee had any legal duty to erect handrails at any time prior to Mrs. Lindsey’s slip and fall, and that failure to install them was not evidence of a breach of any duty.
Whether, as a general rule, handrail(s) are necessary to make steps or stairs reasonably safe, see generally Atlantic Terrace Co. v. Rosen, 56 So.2d 444 (Fla.1952); Ainsworth v. Intercontinental Hotels Corp., 467 So.2d 386 (Fla. 3d DCA), review dismissed, 475 So.2d 694 (1985), we need not decide here, because an ordinance addressed the subject at the time the building was constructed. The record contains the pertinent page from the City of Jacksonville’s building code then in force, and brief excerpts from national safety codes incorporated by reference into the Jacksonville code at that time.

Effect Of Ordinance

“Violations of statutes [or ordinances], other than those imposing a form of strict liability, may be either negligence per se or evidence of negligence.” deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla.1973) (emphasis omitted). Because a “building code is designed to protect the general public rather than a particular class of individuals,” Grand Union Co. v. Rocker, 454 So.2d 14, 16 (Fla. 3d DCA 1984), a violation constitutes evidence of negligence, id.; Liberty Mutual Ins. Co. v. Kimmel, 465 So.2d 606, 607 (Fla. 3d DCA 1985), but does not establish negligence per se. Morrison Cafeterias Consol., Inc. v. Lee, 215 So.2d 491 (Fla. 1st DCA 1968); see Groh v. Hasencamp, 407 So.2d 949 (Fla. 3d DCA 1981), review denied, 415 So.2d 1360 (Fla.1982); Schulte v. Gold, 360 So.2d 428 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1367 (Fla.1979); Richardson v. Fountain, 154 So.2d 709 (Fla. 3d DCA), cert. denied, 157 So.2d 818 (Fla. 1963). Violation of a building code “constitute[s] prima facie evidence of negligence.” Holland v. Baguette, Inc., 540 So.2d 197, 198 (Fla. 3d DCA 1989).
A determination that the steps at issue were in compliance with the building code in force at the time of the accident would not foreclose a finding of negligence, if handrail(s) were required at the time the steps were constructed. “[W]hile ... compliance with a statute or ordinance may amount to evidence of reasonableness, such compliance is not tantamount to reasonableness as a matter of law” so as to exclude other relevant *568 evidence. Westland Skating Center, Inc. v. Gus Machado Buick, Inc., 542 So.2d 959, 964 (Fla.1989). A jury could find the appellees liable to the Lindseys, even if the current building code does not require handrail(s), if the jury concluded that the lack of handrail(s) amounted to a failure to construct or maintain the steps in a reasonably safe condition. On this question, violation of the ordinance in effect at the time the building was constructed is evidence the jury may consider. See generally Edmonds, Inc. v. Vojka, 332 F.2d 309 (D.C.Cir.1964).

Ordinance Applicable

The affidavit and deposition of Claude Bagwell, Division Chief of Building and Zoning for the City of Jacksonville, to the effect that handrails were not required when the building was erected, because the structure in question constituted “steps,” not “stairs,” cannot be determinative regarding the meaning of the ordinance. Mr. Bagwell testified on deposition that he applied his personal definition of “stairs” in the permitting process, viz., a structure going “from one story to another story, from one occupied level to another occupied level.” Bagwell conceded that his definitions of “stairs” as distinguished from “steps” were not generally accepted by the industry, and that neither term had any definite meaning in the application of building codes.
Expert testimony as to the meaning of an ordinance is not appropriate when the disputed language consists of “ordinary words susceptible to being given plain effect consistent with their ordinary meaning.” T.J.R. Holding Co., Inc. v. Alachua County, 617 So.2d 798, 800 (Fla. 1st DCA 1993). The legal effect of a building code presents a question of law for the court, not a question of fact for the jury. Williams v. State Dep’t of Transp., 579 So.2d 226, 230-31 (Fla. 1st DCA 1991); Edward J. Seibert, A.I.A., Architect and Planner, P.A. v. Bayport Beach and Tennis Club Ass’n, Inc., 573 So.2d 889 (Fla. 2d DCA 1990). While expert testimony may be relevant and helpful to the court where a statute or ordinance contains words of art or scientific and technical terms, even then such testimony cannot dictate the court’s construction of the enactment. T.J.R. Holding Co., 617 So.2d at 799-800.
The terms “stairs” and “steps” were not shown to be terms of art. The trial court was under no obligation to defer to Mr. Bagwell’s construction of the ordinance. Id.; Williams v. State Dep’t of Transp., 579 So.2d 226, 231 (Fla. 1st DCA 1991). But see Seibert, 573 So.2d at 892 (trial court should have accepted city’s chief building inspector’s interpretation of building code as a permissible interpretation of a “statute” by the agency charged with implementing it). The plain language of the standards incorporated in section 900-604.8, which apply to “[e]very flight of stairs having two or more risers,” should be given effect.
When the building was constructed in 1974, section 900-604.8 of the City of Jacksonville building code required a handrail on at least one side for stairs less than forty-four inches in width; handrails on both sides for stairs forty-four inches to eighty-eight inches wide; and handrails on both sides and one in the middle for stairs eighty-eight inches or wider. The 1973 American National Standards Institute’s safety requirements for floor and wall openings, railings, and toeboards, at that time incorporated by reference into the Jacksonville building code, provided that every flight of stairs having two or more risers be equipped with one or more handrails. When built, these three risers and two treads were required under the code to be equipped with handrails.
Accordingly, we reverse the summary judgment, and remand the case for further proceedings consistent with this opinion.
ZEHMER, C.J., and KAHN, J., concur.