[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10496

Non-Argument Calendar

_____

MONIKA FENYVESI,

Plaintiff-Appellant,

*versus*

SUNCOAST MOTEL AND APARTMENTS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-03026-TPB-JSS

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

While staying at a motel in Florida, plaintiff Monika Fenyvesi fell and was injured. She sued the owner of the motel, Suncoast Motel and Apartments, Inc., for negligence. The district court granted summary judgment to Suncoast because Fenyvesi failed to come forward with evidence establishing that it breached any duty. After careful consideration, we affirm.

## I.    FACTUAL BACKGROUND

Fenyvesi, a German citizen, traveled to Florida on vacation with her husband. They arrived at the motel and went to their room, which had a balcony facing west toward the Gulf of Mexico. Upon entering the room, Fenyvesi saw the sun was setting and wanted to take a picture from the balcony.

Fenyvesi opened the sliding glass door that separated the room and the balcony. To get to the balcony, she had to step over a raised threshold, which held the track for the sliding glass door. Fenyvesi saw the raised threshold and expected the floor of the balcony to be the same height as the floor of the room. But the floors were not level: the balcony floor was about three inches lower than the room floor. Fenyvesi claims that because of the light from the sunset, she was unable to see that the balcony floor was lower than the room floor. Because she did not anticipate the step down on the other side of the threshold, Fenyvesi fell and was injured.

Fenyvesi sued Suncoast, alleging that it was negligent in failing to warn her of the unsafe condition created by the step down. Suncoast moved for summary judgment, arguing that it owed no duty to warn about the step down because it was an open and obvious condition.

The district court granted Suncoast's motion for summary judgment, concluding it owed no duty to warn about the step down. The court explained that under Florida law a step down was generally an open and obvious condition that requires no warning. Although Florida courts had recognized some exceptions that required an owner to warn of a step down in certain circumstances, the court concluded that none of the exceptions applied in this case.

This is Fenyvesi's appeal.

## II.  STANDARD OF REVIEW

"We review *de novo* the district court's grant of summary judgment, construing the facts and drawing all reasonable inferences in favor of the nonmoving party." *Smelter v. S. Home Care Servs., Inc.*, 904 F.3d 1276, 1284 (11th Cir. 2018). Summary judgment is appropriate if the record gives rise to "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. LEGAL ANALYSIS

This premises liability case boils down to the question of whether under Florida law[1] Suncoast, the property owner, had a duty to warn Fenyvesi, an invitee, about the step down from the room to the balcony. We conclude that it owed no duty to warn.

A property owner generally must warn an invitee "of concealed perils which are or should be known to the property owner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." *Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 957 (11th Cir. 2014) (quoting *Fieldhouse v. Tam Inv. Co.*, 959 So. 2d 1214, 1215 (Fla. Dist. Ct. App. 2007)). But a property owner has no duty to warn of an "open and obvious hazard." *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. Dist. Ct. App. 2012).[2]

Under Florida law, a property owner generally does not owe a duty to warn an invitee of a change in floor level. *See Casby v. Flint*, 520 So. 2d 281, 282 (Fla. 1988). Because this "type of construction is common," an invitee cannot "assume that the floors" of a

---

[1] The parties agree that we look to Florida law.

[2] Separate from the duty to warn, a property owner also has a "duty to maintain the property in a reasonably safe condition by repairing conditions that [it] foresee[s] will cause harm." *Middleton v. Don Asher & Assocs., Inc.*, 262 So. 3d 870, 872 (Fla. Dist. Ct. App. 2019); *see Lomack v. Mowrey*, 14 So. 3d 1090, 1092 (Fla. Dist. Ct. App. 2009) (explaining that a property owner owes a duty to maintain the property in a reasonably safe condition even when it owes no duty to warn). Because Fenyvasi's arguments on appeal relate solely to the duty to warn, we do not address the duty to maintain.

building "in the same story have the same level, blindly travel on the presumption, disregard his own safety, stumble, fall, and recover." *Schoen v. Gilbert*, 436 So. 2d 75, 76 (Fla. 1983); *see also Casby*, 520 So. 2d at 282 ("[I]t is common knowledge that a room obscured by dim lighting . . . may contain different floor levels").

There is an exception to this general rule. Florida appellate courts have recognized that a property owner has a duty to warn about a step down when the "character, location or surrounding conditions of the step-down are such that a prudent person would not anticipate it." *Nw. Fla. Crippled Children's Assoc. v. Harigel*, 479 So. 2d 831 (Fla. Dist. Ct. App. 1985). This exception applies when the property owner used an "uncommon design or mode of construction creating a hidden danger." *Casby*, 520 So. 2d at 282. The decisions in *Kupperman v. Levine*, 462 So. 2d 90 (Fla. Dist. Ct. App. 1985), and *Harigel* provide examples of when this exception applies.

In *Kupperman*, the court held that homeowners owed a duty to warn a guest about a change in floor level. 462 So. 2d at 91. The floor level changed in the middle of the homeowners' dining room. *Id.* They arranged their dining table and chairs to give the illusion of a level floor. The chair backs and seats were of even height, but this was only because some chairs had longer legs to account for the change in floor level. *Id.* Given "the uncommon mode of construction—a change of floor level in the middle of a room—and a choice of furniture designed to create the illusion of

a level floor," the property owners owed a duty to warn their guests. *Id.*

In *Harigel*, the court held that a store owed a duty to warn its customers of a step down from a platform. 479 So. 2d at 832–33. The store displayed clothing hanging from a pipe that ran above the platform. *Id.* at 832. The pipe with the merchandise hanging extended several feet beyond the edge of the platform. *Id.* A customer who was looking at the clothing on display fell because she did not see that the platform ended. *Id.* Because the store had arranged its merchandise so that a customer's eyes were focused on the displayed merchandise, not the edge of the platform, the court held that the store had a duty to warn of the dangerous condition created by the step down. *Id.* at 832–33.

After considering *Kupperman*, *Harigel*, and other Florida step-down cases, we cannot conclude that Suncoast owed a duty to warn here. Because it is common for there to be a difference in floor levels, we conclude that the step down from the motel room to the balcony was not an inherently dangerous condition. And the exception that requires a property to warn of a step down when there is an uncommon design or mode of construction does not apply here. Unlike the property owners in *Kupperman*, Suncoast did not create an optical illusion to conceal the change in elevation between the room and the balcony. *See* 462 So. 2d at 91. And unlike the store in *Harigel*, Suncoast created no distraction that drew Fenyvesi's attention away from the step down. *See* 479 So. 2d at 832–33.

Fenyvesi nevertheless argues that Suncoast owed a duty to warn her about the danger associated with the step down even if it did not create the distraction or circumstances—in this case, the glare from the sunset—that caused her not to see the step down. The only case Fenyvesi cites to support her position is *Krivanek v. Pasternack*, 490 So. 2d 252 (Fla. Dist. Ct. App. 1986).

In *Krivanek*, a citizen went to a building to vote in an election. *Id.* After entering the building, she walked toward the room with the voting machines. *Id.* A deputy sheriff, who was "acting as an election official," opened the door to the room with the voting machines and said good morning to the citizen. *Id.* Because the citizen was looking at the deputy sheriff and responding to his greeting, she did not see a several-inch step down and fell over it. *Id.* at 253. The Florida court concluded that the supervisor of elections owed a duty to warn about the step down. *Id.* The court explained that there "were sufficient circumstances other than just the change in floor level to sustain the finding of negligence on the part of" the supervisor of elections and thus the cases applying the general rule that an owner had no duty to warn of a step down could be "distinguish[ed]." *Id.* at 253.

Fenyvesi says *Krivanek* established that a property owner may have a duty to warn of a step down even when a "distraction was created by someone other than the owner of the premises." Appellant's Br. at 14. But she overlooks that in *Krivanek* there was a direct connection between the individual who created the distraction (the deputy sheriff) and the premises owner (the election

supervisor). Because the deputy sheriff was "acting as an election official" when he greeted the citizen and created the distraction that caused her not to see the step down, the Florida court imputed his actions to the election supervisor. *Krivanek*, 490 So. 2d at 252–53. We thus cannot say that *Krivanek* supports Fenyvesi's position that Suncoast owed a duty to warn her about the danger associated with the step down even if it did not create the distraction—the glare associated with the sunset—that caused her not to see the step down.[3]

Fenyvesi also argues that Suncoast owed a duty to warn her of the step down even if there was no uncommon design or mode of construction. She maintains that Florida cases recognizing a duty to warn of a step down only in these narrow circumstances are distinguishable because those cases involved step downs located *inside* of buildings and did not address whether an owner has a duty to warn about a step down that requires a person to cross from inside a building to the outside. But a Florida appellate court has rejected a similar argument. *See Allen v. Young*, 807 So. 2d 704, 706–07 (Fla. Dist. Ct. App. 2002).

---

[3] In a footnote, Fenyvesi suggests that Suncoast owed a duty to warn because the change in elevation associated with the step down violated the local building code. But we will not consider this argument because Fenyvesi failed to raise it in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court" (internal quotation marks omitted)).

In *Allen*, a guest was attending a party at a home and fell as she walked between the patio and pool. *Id.* at 705. Claiming that she fell because there was an "unmarked, hard to observe, change in elevation," she sued the homeowners for failing to warn her of the condition. *Id.* The guest argued that cases recognizing a duty to warn only when there was an "uncommon design or mode of construction" that concealed a step down were inapposite because those cases "involve[d] accidents that occurred inside . . . rather than outside." *Id.* at 705–06. The court rejected this argument, stating "[w]e can discern no basis for applying different principles to a patio injury as opposed an injury that occurs inside." *Id.* Based on the reasoning in *Allen*, we discern no basis for applying different principles to an injury that occurs due to a step down when an invitee crosses a threshold to pass from inside a building to the outside than would apply to an injury that occurs due to a step down when an invitee moves inside a building.

## IV. CONCLUSION

For the reasons set forth above, we affirm the district court's grant of summary judgment.

**AFFIRMED.**